## CIRCUIT COURT OF ARLINGTON COUNTY

Dean

v.

Sneed and
Rosner

March 16, 1993

Case No. (Law) 91–1320

BY JUDGE WILLIAM L. WINSTON

The issue before the Court involves a choice of law question to be decided by the law of the forum to determine the applicable law in the matter involving the liability of the alleged guarantor, Rosner.

The theory of the plaintiff's recovery is that Rosner made an oral promise from his office in the District of Columbia to guarantee the debt of Sneed to Dean. The money was to retain a lawyer in Colorado to represent Sneed. Rosner denies the promise or that he derived any benefit from it. He also contends that the law of Virginia is applicable, not that of the District of Columbia, thus making the oral promise unenforceable, § 11–2, Code of Virginia.

Examining the conflict of laws question first, the Court finds that the law of Virginia governs. The promise is not *void ab initio* but is unenforceable. Section 11–2 is procedural or remedial in nature and is concerned with enforceability rather than the validity of the promise. *T. v. T.*, 216 Va. 867, 871 (1976).

The plaintiff contends that the issue is validity of the contract, which is determined by the law of the place of contracting, i.e., where the final act is done to bind the contract. *Chesapeake Supply and Equipment. v. J. I. Case Co.*, 700 F. Supp. 1415 (E.D. Va. 1988). Without deciding the validity of that argument, the Court finds that the last act took place in Virginia, where the funds were advanced from the office of the plaintiff, in Alexandria. That being the creditor's place of business, it is also the place where the guarantor's liability would accrue

after the nonpayment of the debt by the principal debtor. There is no liability on the guarantor until there is a default by the principal.

The plaintiff has failed to carry the burden of proof on the issue of the oral promise. The Court finds that even if the promise were made orally from the District of Columbia, the plaintiff has failed to show that, under the law of that jurisdiction, "the 'leading object' of the promisor was to obtain a direct personal benefit for himself." *Hudson v. Ashley*, 411 A.2d 963, 967 (D.C. 1980). This case was relied upon in the District of Columbia case cited by the plaintiff, *Charles E. Smith Management Co., et al. v. Grier, et al.*, (Sup. Ct. D.C. 1985) 113, No. 229, page 2397, Washington Law Reporter.

The only possible benefit to Rosner would be the slim chance of keeping Sneed afloat to assist TMI, which was the only interest he had in common with Sneed. By this time, however, the Baltia contract was lost. TMI was not functioning, and Sneed was under indictment in Colorado by the federal authorities for securities fraud. Sneed also owed Rosner money. There was no possible benefit accruing to this defendant from the oral "promise."

The Court finds that the law of Virginia applies and that the defendant's plea of the Statute of Frauds is good, and it is sustained.